OPINION
Defendant-appellant Roger G. Scoles ("Roger") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, in favor of plaintiff-appellee Deborah S. Scoles ("Deborah").
On June 17, 1978, Roger and Deborah were married. Two children were born during the marriage and are still minors. On October 6, 1999, Deborah filed for divorce. In December 2000, Deborah moved into an apartment and Roger, along with the children, continued to reside in the marital home. On February 20, 2001, a final hearing in the divorce was commenced. The magistrate issued his decision on July 23, 2001. Roger filed his objections to this judgment on September 28, 2001. On February 6, 2002, the trial court overruled Roger's objections and issued a decree of divorce. It is from this judgment that Roger appeals.
Roger raises the following assignments of error.
"Whether the trial court erred as a matter of law when it valued the marital real estate as commercial property when the testimony established that the real estate was agricultural."
"Whether the trial court erred as a matter of law when it failed to identify separate and non-marital property after non-refuted testimony established that specific items either belonged to third parties or were non-marital because of gift or inheritance."
"Whether the trial court erred in failing to credit [Deborah] with two additional bank accounts valued at $1,000.00 and $1,000.00 respectively when making its asset valuation and division."
"Whether the trial court erred in its finding that monies transferred to a trust account for the minor children's college education were a marital asset subject to equitable division."
In the first assignment of error, Roger claims that the trial court should have found the real property to be agricultural rather than commercial. The basis for this claim is that the trial court found the property to be "zoned" commercial when the township where the property is located is not zoned. According to Roger, the property is only worth $41,000.00 because it does not have public utilities or a septic system. Deborah's expert found the property to be commercial and gave it a value of $50,500.00. The county auditor's office listed the property as commercial and gave it a value of $46,250.00. The trial court then found that the real estate had a commercial use, as that is where Roger's business was located, and accepted the commercial value of $50,500.00 as the appropriate valuation.
"A decision of the trial court in dividing marital property will not be disturbed on appeal absent an abuse of discretion." Landry v. Landry
(1995), 105 Ohio App.3d 289, 291, 663 N.E.2d 1026. In this case, both parties presented expert testimony as to the value of the property. Roger testified that he uses the property to run his business, thus it has a commercial use. Although the land may not be officially zoned commercial, it is used commercially. Thus, the trial court did not err in finding that the commercial valuation, as established by Deborah's expert, was the appropriate value rather than the agricultural value established by Roger's expert. The first assignment of error is overruled.
Next, Roger claims that the trial court failed to take into consideration the items in the business that were his separate property. At trial, Deborah testified that most of the tools in the business were bought after the marriage. Roger testified that most of the tools that he received after the marriage were gifts from other family members. Testimony was also given that some of the items in the business belonged to the children. After reviewing the testimony, the trial court went through the detailed inventory of the personal property located at the business and omitted several items. The result was that the value of the personal property was reduced by $818.00 from the appraisal given by Deborah's expert.[1] Thus, the trial court did consider each item to determine if it was marital or separate property and reduced the amount of the appraisal accordingly. The second assignment of error is overruled.
The third assignment of error is that the trial court did not account for two bank accounts held by Deborah. In its judgment entry, the trial court held that "[e]ach party shall retain any bank accounts not otherwise specified herein as his/her sole property." Entry, 2. At the final hearing, Deborah testified that the accounts were worth approximately $221.00 and $256.00 respectively. Roger's claim that the accounts should have been valued at approximately $1,000.00 each is not supported by the evidence. Thus, the third assignment of error is overruled.
In the fourth assignment of error, Roger claims that the trial court should not have charged him with the value of the money market account because the funds were transferred to college funds for the children. Roger argues that since these funds were no longer in his control at the time of the final hearing, the money market account was no longer a marital asset. However, the trial court agreed with the magistrate that Roger transferred the funds in an attempt to dispose of marital assets. As a result the trial court determined that Deborah should be entitled to her entire half of the marital portion of the assets. The trial court is permitted to make a distributive award to compensate an offended spouse for dissipation of marital assets. R.C. 3105.171(E)(3) Thus, the trial court did not err in ordering Roger to compensate Deborah for her half of the marital funds that should have been in the money market account prior to the transfer of funds to the children. The fourth assignment of error.
The judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, is affirmed.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.
[1] Roger did not present any valuation of the items.